**Marvin S. BELSKY**

v.

**UNITED STATES.**

**No. 495–58.**

United States Court of Claims.

June 7, 1961.

594

Stanley Faulkner, New York City, for plaintiff.

Arthur E. Fay, Washington, D. C., with whom was William H. Orrick, Jr., Asst. Atty. Gen., for defendant.

MADDEN, Judge.

The plaintiff, from June 29, 1953, to February 4, 1955, did the work of a medical doctor in the Army. He received only the pay of a private soldier for a part of the period, and the pay of a corporal for the rest of the period. He claims that he should have received the pay of a captain, and sues for the difference.

The plaintiff, on September 13, 1948, at the age of 20, registered for the draft under the provisions of the Universal Military Training and Service Act, 62 Stat. 604, 50 U.S.C.A.Appendix, § 451 et seq. His questionnaire was mailed to him and returned by him in January

1949. In July 1949 he was classified IA by his draft board. In order to enable him to complete his education he was, on December 5, 1949, reclassified IIA until July 21, 1952, at which time he was again classified IA.

On June 8, 1951, the plaintiff, having completed his medical education, also registered for the draft as a special registrant, pursuant to the Doctors Draft Act of September 9, 1950, 64 Stat. 826. His questionnaire under this special registration was mailed to and returned by him in August 1952. He was placed in Priority No. 111, which designation applied to medical, dental and allied specialists, and was classified IA as a special registrant. On December 30, 1952, he received an "Order to Report for Armed Forces Physical Examination." The order bore the notations "Special Registration No. 1" and "Priority No. 111." On December 31, 1952, he was ordered to report for induction on January 20, 1953. Before induction, he applied for a commission as an officer. On January 16, 1953, he was given the "Specialist Category: Medical" examination, as his "Certificate of Acceptability" shows.

The plaintiff was inducted into the Army on February 5, 1953. On March 20, 1953, a "letter of transmittal" addressed to "The Commanding General, Second Army, Fort George G. Meade, Md." referred to the plaintiff as "Special Registrant Marvin S. Blesky." Except during the period of his basic training, the plaintiff's service in the Army was in the capacity of a medical doctor.

The Government says that the plaintiff was inducted into the Army as a regular registrant for the draft, and that the Army was free to put him to work at any task which needed to be done. The plaintiff became a regular registrant before he was a doctor. After he became a doctor, he became a special registrant. He was classified IA in both registrations. Then he was inducted. The Government says he was inducted under his regular registration. But the day before his order to report for induction was issued, he had been ordered to report for the

"Special Registration" "Priority 111" physical examination. And after that examination he was given his "Certificate of Acceptability" for "Specialist Category: Medical."

A little over two weeks later he was in the Army. That much was certain. And after his basic training he was a doctor in the Army. The question is whether he was doctoring *as* a doctor, or *as* a G. I.

Section 4 of the Doctors Draft Act, as amended, 50 U.S.C.A.Appendix, § 454a (a), provides:

"(a) Notwithstanding subsection 217(c) of the Armed Forces Reserve Act of 1952 (66 Stat. 481) or any other provision of law, any person liable for induction under the Act of September 9, 1950, as amended [sections 454(i), (j), 454a and 454b of this Appendix, and section 234b of Title 37], or any member of a reserve component who has been or shall be ordered to active duty on or before July 1, 1957, as a physician, dentist, or in an allied specialist category in the Armed Forces (including the Public Health Service) of the United States shall, under regulations prescribed by the President, be appointed, reappointed, or promoted to such grade or rank as may be commensurate with his professional education, experience, or ability: * * *."

It would seem that a rational use of skills in the Armed Forces would mean that a regular registration pursuant to the Draft Act, filed at a time when the registrant had no special skill, would be displaced by a special registration later filed when the registrant had acquired the skill of a doctor of medicine. In the paper work of the draft board, both registrations were allowed to stand. But the several papers issued immediately before and at the time of the plaintiff's induction show that the persons who issued them thought that they were inducting a specialist, i. e., a medical doctor, into the Army. And the fact that, in the Army, the plaintiff served exclusively in that capacity is not without significance. It adds a *quantum meruit* flavor to his claim. It shows that the Government received the services for which the plaintiff seeks compensation. If the plaintiff should have had the rank and pay of a medical specialist, the Government apparently concedes that the appropriate rank would have been that of a captain.

The plaintiff's motion for summary judgment is granted and the defendant's similar motion is denied. The plaintiff is entitled to recover, and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Rule 38(c), 28 U.S.C.A.

It is so ordered.

JONES, Chief Judge, and DURFEE, LARAMORE and WHITAKER, Judges, concur.